UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GARY L. LUCAS,

              Plaintiff,

                          Case No. 8:18-cv-1405-T-33CPT

v.

MARK BELMONTE, Deputy of Police,
and BRIAN DUGAN, Chief of Police,


              Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Mark Belmonte and Brian Dugan's Motion to Dismiss, which was filed July 25, 2018. (Doc. # 11). In response, pro se Plaintiff Gary Lucas filed a Motion for the Court to Order Full Discovery on August 13, 2018. (Doc. # 12). For the reasons set out below, Defendants' Motion is granted, and Plaintiff's Motion is denied as moot.

**I.   Background and Procedural History**

Lucas claims that on January 18, 2014, at approximately 1:00 "in the morning," he "had been drinking and had stopped to relieve [him]self" at The Church of the Way in Tampa,

1

Florida. (Doc. # 1 at 4). At that time, Officer Belmonte, answering a silent alarm call at the church, spotted Lucas on the scene entering his truck. (Id.). Officer Belmonte blocked Lucas's truck with his patrol car and commanded Lucas to exit the truck, but Lucas did not. (Id.). In response, Officer Belmonte broke the truck window with a flashlight. (Id.). Lucas reversed his truck into a light pole, nearly breaking the light pole in half and causing injury to himself. (Id.). Lucas, who was 65-years old at the time, then drove away from the scene. (Id.). Lucas indicates: "There was no one else present, in fear I drove away." (Id.). Lucas explains that he was intoxicated, so he did not realize the extent of his injuries at the time of the incident. (Id. at 5).

Shortly thereafter, Lucas was confronted by another officer and he was arrested. (Id. at 4). On February 5, 2014, the Hillsborough County State Attorney's Office charged Lucas by Information with burglary of an unoccupied structure, grand theft third degree, fleeing and attempting to elude a police officer, driving under the influence, and leaving the scene of an accident. On June 4, 2014, after a jury trial, Lucas was adjudicated guilty of burglary of an unoccupied structure, fleeing and attempting to elude a police officer, and leaving the scene of an accident. On July 10, 2014, the

Court sentenced Lucas to ten years in Florida State Prison. On June 10, 2016, Florida's Second District Court of Appeal reversed Lucas's conviction for fleeing and attempting to elude a police officer because the trial court erred when it failed to instruct the jury on a lesser included offense. The Second DCA remanded the fleeing to elude charge back to the trial court for a new trial. The Second DCA affirmed the burglary and leaving the scene convictions. On August 10, 2016, the State of Florida Nolle Pross'ed the charge of fleeing to elude a police officer.

Almost two years later, on June 11, 2018, Lucas filed a pro se Complaint against Officers Belmonte and Dugan alleging violation of his Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. (Doc. # 1). Specifically, Lucas alleges that his Fourth Amendment right against unreasonable searches and seizures, his Fourteenth Amendment right to due process, and his Eighth Amendment right against cruel and unusual punishment were violated. (Id. at 3). Lucas seeks $1,070,000 in damages. (Id. at 5).

Defendants now seek dismissal of the Complaint. (Doc. # 11). Lucas filed a Motion seeking discovery, which the Court construes as his response to the Motion to Dismiss. (Doc. # 12). As explained below, the Court finds that Lucas's claims

3

are time-barred, and the Court dismisses the Complaint with prejudice.

## II. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. Legal Analysis

Officers Belmonte and Dugan argue that Lucas's Complaint should be dismissed because it is time-barred. (Doc. # 11). Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 945 (11th Cir. 2004)(citation omitted). The applicable statute of limitations for a § 1983 claim is that of the forum state, because there is no statute of limitation prescribed by 42 U.S.C. § 1983. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Florida Statute § 95.11 is applicable, which states that the statute of limitations for assault, battery, false arrest, malicious prosecution, malicious interference, false

imprisonment, or any other intentional tort is four years. Fla. Stat. § 95.11(3)(o).

Lucas's arrest occurred on January 18, 2014. (Doc. # 1). To be timely, Lucas was required to file his civil complaint by January 14, 2018; however, it was filed on June 11, 2018. (Id.) Thus, from the face of the Complaint, it is clear that the statute of limitations for Lucas's claims has run.

Furthermore, Lucas has not asserted any facts in his Complaint (or in his construed response to the Motion to Dismiss), which would cause the statute of limitations to be tolled or otherwise allow his claims to survive. See Heuer v. Nissan N. Am., Inc., No. CV 17-60018-CIV, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017) ("When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations."). Lucas mentions the delayed discovery doctrine, as well as Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007), but he does not provide any analysis about that doctrine. In Patten, an attorney breached his fiduciary duty to his client by failing to properly set up a trust. The client argued that he did not discover the attorney's wrongdoing until years later. The trial court determined that the claims were time barred because the client

6

should have sooner realized that his money had been swindled. The facts presented here are not remotely similar to those presented in Patten. The "delayed discovery doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Patten, 965 So.2d at 1224. The Florida Supreme Court has held that the delayed discovery doctrine only applies to cases involving fraud, products liability, professional malpractice, medical malpractice, or intentional torts based on abuse. Davis v. Monahan, 832 So.2d 708, 709-10 (Fla. 2002). Furthermore, the United States Supreme Court has held that "the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). Lucas's mere mention of the delayed discovery doctrine does not provide the Court with a basis for denying the Motion to Dismiss.

Although Lucas, as a pro se litigant, is to be afforded leniency in his pleading, "the statute of limitations established by Florida Statute § 95.11(3) presents an

7

absolute bar to [Lucas] bringing this cause of action." <u>Jones v. Collier County Sheriff's Dept.</u>, No. 95-232-CIV-FTM-17D, 1996 WL 172989, at *3 (M.D. Fla. Apr. 9, 1996). Therefore, Lucas's complaint is time barred. The Court notes that Lucas has filed a Motion requesting discovery. (Doc. # 12). His Motion is denied as moot due to the finding that Lucas's claims are time barred. Fla. Stat. § 95.11(3)(o).

Additionally, Lucas asserts that his arrest was unlawful due to a lack of probable cause; however, this claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). <u>Heck</u> prohibits Lucas from raising a § 1983 claim for "an allegedly unconstitutional conviction or imprisonment . . . unless [the] Plaintiff can show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-87.

Of the three crimes which Lucas was found guilty of at the trial level—burglary, fleeing to elude, and leaving the scene of an accident—two were affirmed by the Second District Court of Appeal on direct appeal. (Doc. # 11). That conviction establishes probable cause and therefore creates an absolute

8

bar to Lucas's § 1983 action for false arrest. <u>Marx v. Gumbinner</u>, 905 F.2d 1503 (11th Cir. 1990).

Because Lucas is precluded from bringing a § 1983 claim per the applicable statute of limitations and precedent of <u>Heck</u>, the Court grants the Motion to Dismiss and dismisses the Complaint with prejudice.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Defendants Mark Belmonte and Brian Dugan's Motion to Dismiss (Doc. # 11) is **GRANTED**.

(2)  Lucas's Motion for the Court to Order Full Discovery (Doc. # 12) is **DENIED AS MOOT**.

(3)  Lucas's Complaint is **DISMISSED** with prejudice.

(4)  The Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Tampa, Florida on this <u>19th</u> day of October, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE